IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MYER,<br>    Plaintiff<br><br>vs.<br><br>COI G.A. THOMPSON, et al,<br>    Defendants. | C.A.No. 15-227ERIE<br><br>Magistrate Judge Baxter |

# MEMORANDUM OPINION[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural History

Plaintiff, a state inmate incarcerated at SCI Albion and acting pro se, initiated this civil rights action on September 17, 2015. The only Defendant named in this action is Corrections Officer G.A. Thompson.

Plaintiff alleges that on June 15, 2015:

> At about 1:25 in the afternoon, [Thompson] handcuffed me behind my back when removing me from the shower to escort me back to my assigned cell [...] When Thompson placed the cuffs on me, he pressed his knuckles hard up against my left butt cheek. Since the sexual assault, I been seeking medical care for my psychological and emotional trouble.

ECF No. 5, pages 2-3. As relief, Plaintiff seeks a "separation transfer" from Defendant, as well as monetary damages. Id. at page 5.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

Defendant has filed a motion to dismiss. ECF No. 15. Despite being given the opportunity to do so, Plaintiff has failed to file a brief in opposition to the pending dispositive motion.

### B. Standards of Review

#### 1) *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Dep't of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b) (6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b) (6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

3

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Failure to State a Claim

Defendant moves to dismiss based on Plaintiff's failure to state an Eighth Amendment claim upon which relief may be granted.

Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1991). The Eighth Amendment prohibits conditions of confinement that violate "evolving standards of decency" or which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). Among the guarantees associated with Eighth Amendment protection is the right to "humane conditions of confinement." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) quoting Farmer, 511 U.S. at 832.

The analysis of an Eighth Amendment claim follows the principals of deliberate indifference articulated in Farmer, 511 U.S. 825. A punishment is cruel and unusual under the Eighth Amendment when it inflicts unnecessary and wanton pain, including those that are totally lacking in penological justification, Rhodes v. Chapman, 452 U.S. 337, 346 (1981), and those which evince "calculated harassment unrelated to prison needs." Hudson v. Palmer, 468 U.S.

4

517, 530 (1984). To be actionable, the "punishment" must be "objectively, sufficiently serious," and the official must have acted with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834.

Sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment under the Eighth Amendment. Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997). See also Jones v. Culinary Manager II, 30 F.Supp.2d 491, 497 (E.D. Pa. 1998) ("Sexual harassment of a prisoner by a prison official or guard can rise to the level of an Eighth Amendment violation."). "Rape, coerced sodomy, unsolicited touching of women prisoners' vaginas, breasts and buttocks by prison employees are simply not part of the penalty that criminal offenders pay for their offenses against society." Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir.2000) (citations omitted). Uninvited sexual contact that is done maliciously and sadistically to cause harm and that does not advance any legitimate penological interest is the type of conduct that is "inconsistent with contemporary standards of decency" and that is "repugnant to the conscience of mankind," and thus violates the Eighth Amendment. Id. at 1196–97.

However, "not every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. In this regard, Chief Judge Conti's opinion in Banks v. Rozum is instructional. 2015 WL 1186224 (W.D. Pa. Mar.13, 2015). In Banks, the court dismissed an Eighth Amendment claim brought by a state prisoner who alleged that a prison guard groped his genitals, made sexually offensive comments, and threatened to sabotage his general population status. The Banks court noted that other courts have held that "isolated incidents of inappropriate

conduct" do not rise to the level of a constitutional violation. Id. at *14.[2] In so ruling, the court stressed that:

> [O]nly severe or repetitive sexual abuse has been found to rise to the level of an Eighth Amendment violation. See, e.g., Schwenk v. Hartford, 204 F.3d 1187 (9th Cir.1999) (repeated requests for oral sex and attempted rape of inmate by prison guard may establish Eighth Amendment claim); United States v. Walsh, 194 F.3d 37 (2d Cir.1999) (corrections officer who repeatedly steps on inmate's penis to wantonly inflict pain violates inmate's right to be free of cruel and unusual punishment); Berry v. Oswalt, 143 F.3d 1127 (8th Cir.1998) (rape and harassment of inmate, including propositions, sexual comments, and attempts to perform non-routine pat-down violated inmate's Eighth Amendment right to be free from cruel and unusual punishment).

Id. at *14.

---

[2] The Banks court cited the following cases: Washington v. Harris, 186 Fed. App'x 865, 866 (11th Cir. 2006)(holding that inmate failed to state an Eighth Amendment claim where a prison guard "crept up behind [the prisoner inmate] while he was working," grabbed his genitals, kissed him on the mouth, and threatened to perform oral sex on him); Jackson v. Madery, 158 Fed. App'x 656, 661 (6th Cir. 2005) (holding that the plaintiff's allegations that a guard grabbed and rubbed his buttocks in a degrading manner during a shakedown in the food area was insufficient to establish an Eighth Amendment violation); Hughes v. Smith, 237 Fed. App'x 756, 759 (3d Cir. 2007) (holding that the inmate had not alleged an Eighth Amendment violation where the correctional officer allegedly touched the inmate's testicles through his clothing during a single pat-down frisk); Young v. Brock, 2012 WL 385494, at *4 (D.Colo. 2012) (holding that the plaintiff's allegations that he was subjected to unnecessary and unwelcomed sexual touching by a prison guard in the course of a single pat-down search did not state a claim under the Eighth Amendment, particularly where the plaintiff conceded that the pat-down had a penological purpose); Pantusco v. Sorrell, 2011 WL 2148392, at *7-8 (D.N.J. 2011) (holding that the plaintiff's Eighth Amendment claim failed because a single instance of groping during a routine pat-down frisk did not amount to cruel and unusual punishment); Escobar v. Reid, 668 F.Supp.2d 1260, 1278, 1295-96 (D.Colo. 2009) (holding that a guard's alleged suggestive, sexual touching of an inmate did not state a constitutional violation); and Williams v. Anderson, 2004 WL 2282927, at *4 (D.Kan. 2004) (finding no Eighth Amendment violation where a prison guard grabbed a pre-trial detainee's buttocks, exposed his genitals to the inmate plaintiff, and made crude sexual remarks).

6

Here, Plaintiff's entire legal claim is based on a single occurrence wherein there was knuckle-to-buttock contact for a short period of time. ECF No. 5; ECF No. 5-1, page 1 (grievance complaining that "when Thompson placed the handcuffs on me, he pressed his knucles [sic] hard up against my left butt-cheek."). Even in Plaintiff's other filings in this case, Plaintiff focuses solely on this single incident in which Defendant's knuckles pressed against Plaintiff's left butt-cheek. ECF No. 17. Even taking his factual allegations as true, Plaintiff's allegations fail to state an Eighth Amendment claim.[3]

## IV. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss will be granted.

An appropriate Order will issue.

December 19, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[3] Any amendments to Plaintiff's complaint would be futile in this action. Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).